Che L. Hashim, Esq. (SBN 238565)
861 Bryant Street
San Francisco, CA 94103
Tel: 415/487-1700
Fax: 415/431-1312
Email: che.hashim.esq@gmail.com

SAMUEL M. LASSER, Esq. (CA Bar # 252754)
Law Office of Samuel Lasser
398 Primrose Road
Burlingame, CA 94010
415.994.9930 Tel
415.358.5789 Fax
samlasser@hotmail.com

Attorneys for Plaintiff
BENJAMIN COOPER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN COOPER,<br><br>  Plaintiff,<br><br>  vs.<br><br>CITY OF SAN JOSE, a municipal corporation; and DOES 1-30, inclusive.<br><br>  Defendants. | Case No. 5:16-cv-06237-HRL<br><br>**Plaintiff's First Amended Complaint For Damages:**<br><br>1. 42 U.S.C. § 1983: Unlawful Search/Detention/Arrest: 4th Amendment.<br>2. 42 U.S.C. § 1983: Excessive Force: 4th Amendment.<br>3. Cal. Civ. Code § 52.1<br>4. Assault<br>5. Battery<br><br>**Jury Trial Demand** |

## INTRODUCTION

1. This is an action for damages brought under Title 42 U.S.C § 1983, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the common law of California. This action is against the CITY OF SAN JOSE, and DOES 1-30, all employees of the CITY OF SAN JOSE, and specifically, police personnel.

2. It is alleged that all violations and torts alleged herein were committed due to policies and customs of Defendant CITY OF SAN JOSE.

## JURISDICTION

3. This action arises under 42 U.S.C § 1983. This Court has original jurisdiction over Plaintiff's federal civil rights claims under Title 42 U.S.C. § 1983, and Title 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). A claim was filed pursuant to California Government Code § 910 et seq.

4. The acts and omissions complained of herein occurred in the City of San Jose, California.

## PARTIES

5. Plaintiff BENJAMIN COOPER resides in California, and is a United States citizen.

6. Defendant CITY OF SAN JOSE is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California.

7. At all times mentioned herein, DOES 1-30 were employees of the CITY OF SAN JOSE. Plaintiff is ignorant of the true names and capacities of the Defendants DOES 1 through 30, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some

manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1 through 30, inclusive, when they have been ascertained.

8. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to proof adduced at trial.

9. In doing the acts alleged herein, the DOE Defendants acted within the course and scope of their employment with the CITY OF SAN JOSE.

10. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

11. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

12. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted pursuant to a customs or policies adopted by the CITY OF SAN JOSE.

### FACTS COMMON TO ALL ALLEGATIONS

13. On December 15, 2015 a call was placed to the San Jose Police Department reporting that a person was threatening to commit suicide at the Shop-N-Go store on S. Jackson St. in San Jose. The store clerk called 911 to report that Plaintiff Benjamin Cooper was suicidal and in possession of a knife that he was threatening to use against himself. PLAINTIFF was inside the store and pressing a knife to his throat. PLAINTIFF had not threatened anyone and the 911 caller reported only that PLAINTIFF had threatened to hurt himself. There was no indication that anyone other than PLAINTIFF was in danger.

14. Shortly thereafter one or several officers of the San Jose Police Department arrived to the scene. One or more officers entered the Shop-N-Go store while PLAINTIFF and the 911 caller were inside the store. The 911 caller exited the store with the officer(s). Shortly thereafter PLAINTIFF exited the store. PLAINTIFF paced back and forth outside the store for several minutes. As time went by more San Jose Police Department officers arrived on the scene.

15. While pacing back and forth outside the store PLAINTIFF had a knife in his hand that he held up to his neck. PLAINTIFF was not making any verbal or physical threats to the officers or to anyone else. He was only threatening to harm himself.

16. The officers, including Defendants DOES 1 through 30, had their weapons drawn and pointed at PLAINTIFF. Defendants DOES 1 through 30 knew that they were responding to and confronting a potentially suicidal individual (PLAINTIFF) and that "best practices" training dictates that an officer(s) is supposed to attempt to "de-escalate" that type of situation.

17. At no point did Defendants DOES 1 through 30 attempt to "de-escalate" the situation according to the "best practices" and their training. Instead, Defendants DOES 1 through 30 escalated the situation by pointing and brandishing firearms at PLAINTIFF, using forceful and aggressive language towards PLAINTIFF, and shouting and yelling commands such as, but not limited to, "drop the knife".

18. PLAINTIFF was not threatening anyone but himself when Defendants DOES 1 through 30 discharged their weapons striking PLAINTIFF's body in three places: his left leg, his chest, and his right eye. At the moment he was shot PLAINTIFF was not approaching any officer, was not running away, did not make any sudden or furtive movements, and did

19. not verbally or physically threaten or endanger any officers or any other persons.

20. Paramedics arrived on scene and transported PLAINTIFF to Santa Clara Valley Medical Center in San Jose. PLAINTIFF underwent surgery to his right eye and orbital. The surgeons repaired some of the damage to the area surrounding his right eye but the damage to his right eyeball was too great to repair. The damage caused PLAINTIFF to permanently lose vision in his right eye, which also causes him pain and has exacerbated his condition related to anxiety and panic attacks.

21. DOES 1-30 were never in danger and had no reason to believe that PLAINTIFF posed a danger to them or to any other persons. DOES 1-30's conduct exhibited a reckless disregard for training by the CITY OF SAN JOSE in the use of force in responding to suicidal subjects, and/or unconstitutional policies by Defendant CITY of SAN JOSE in the use of force in responding to suicidal subjects.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS)

(AGAINST ALL Defendants)

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this complaint.

22. The above-described conduct of Defendants CITY OF SAN JOSE and DOES 1-30, violated Plaintiff's right to be free from the use of excessive force, under the Fourth and Fourteenth Amendments to the United States Constitution.

23. As a proximate result of the foregoing wrongful acts of those Defendants, Plaintiff has sustained, and will in the future sustain, physical and

pecuniary injury, and other compensable injuries.

24. As a further proximate result of the acts of Defendants, Plaintiff suffered general damages including pain and suffering.

25. In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

(VIOLATION OF CALIFORNIA CIVIL CODE, § 52.1)

(AGAINST ALL Defendants)

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 of this complaint.

27. The above-described conduct of Defendants CITY OF SAN JOSE and DOES 1-30, constituted interference and attempted interference with Plaintiff's peaceable exercise and enjoyment of rights secured by the laws of the United States Constitution and the State of California in violation of California Civil Code § 52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

(ASSAULT)

(AGAINST ALL Defendants)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 of this complaint.

29. Defendants had a duty to act reasonably and not engage in conduct, which causes individuals to reasonably fear imminent offensive harmful touching.

30. Defendants CITY OF SAN JOSE and DOES 1-30 acted unreasonably and

breached the aforementioned duty, in pointing their guns at PLAINTIFF, and ultimately discharging weapons at him.

31. As a proximate result of Defendant's breach of duty, Plaintiff was placed in fear of an immediate harmful offensive touching.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

(BATTERY)

(AGAINST ALL Defendants)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 of this complaint.

33. Defendants had a duty to act reasonably and not engage in conduct, which causes harmful offensive touching to an individual's person.

34. Defendants CITY OF SAN JOSE and DOES 1-30 acted unreasonably and breached the aforementioned duty when Defendants discharged their weapons at PLAINTIFF, striking him with several projectiles.

35. As a further proximate result of the acts of Defendants, Plaintiff suffered general damages including pain and suffering.

36. As a proximate result of Defendant's breach of duty, Plaintiff was wounded and suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

37. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees;

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Dated:  December 9, 2016 		/s/ *Che L. Hashim*
Che L. Hashim
861 Bryant Street
San Francisco, CA 94103
Tel: 415/487-1700
Fax: 415/431-1312
Email: che.hashim.esq@gmail.com

Samuel M. Lasser
Law Office of Samuel Lasser
398 Primrose Road
Burlingame, CA 94010
415.994.9930 Tel
415.358.5789 Fax
samlasser@hotmail.com

Attorneys for
BENJAMIN COOPER